Good morning. My name is John Young. I represent Levi Jackson. There are some limits on how a state can interpret its own law. But before I start talking about that, I'd like to emphasize that the Arizona Supreme Court has interpreted this very instruction as not being an accurate description of Arizona's felony murder statute. Looking at the same part of the instruction that I'm complaining about here, the same series of events language, they did that in State v. Martinez. It was a 2008 case. That said, even if the Arizona Supreme Court had looked at this instruction and said this is an accurate statement, it would still enlarge our statute to encompass conduct that the statute does not encompass. Let me ask a prior question. This is a case in which the parties did not argue, Harrison v. Richter, did not argue the scope of review. In other words, this was the case. I had mistaken the two cases. This is a case in which the court below the Supreme Court doesn't deal with this issue at all and collapses it into a — it doesn't make a Mulaney v. Wilbur argument — collapses it into ineffective assistance of counsel. Then the Arizona Supreme Court says, Petition denied. So there is a meaningful argument that this question was never addressed, period. That is to say, the question of Mulaney v. Wilbur and whether this was Emmett's interpretation of felony murder instruction. But neither side has argued, Harrison v. Richter, and the deference that we should give — but this is not like Harrison, because there was really a possibility that the issue just wasn't addressed at all. Neither side has argued that. That's correct. At the time the PCR was filed, it was raised as an IAC claim, and it was raised as an underlying claim as well. Right. And they just dealt with the IAC claim. I still have the IAC claim, yes. And in fact, the district court found that both of those claims were not defaulted. One was not addressed, and the district court then proceeded to rule that this was a correct statement of Arizona law, which was contrary to the Arizona Supreme Court's statement in March of 2010. But the difficulty in this case is that although the language of the statute says what it says, says in furtherance of, you have three cases in which the courts, the Arizona courts, are not reversing on account of this instruction and are saying in each case, but in balance, the recitation of, you know, don't do this, you've got the statute wrong, but on balance, the recitation of the statutory language was in the instructions, too, and that's enough. What do we make of that at this level? Does that – is that a prejudice finding, rather a harmless error finding that we have to adopt? Well, I can tell the Court that I argued Martinez, and when I argued Martinez, the Arizona Supreme Court was very frustrated that 30 years later this same instruction is still coming up. This is a pre-1978 law instruction. They were frustrated. They were asking what they had to do to stop the State from giving this instruction. They were asking what they had to do to stop the courts from giving this instruction. I'd suggest granting relief is a – That usually works. No. They were frustrated with it. What the opinion said in Martinez was that there was a 12-0 vote for premeditated and a 12-0 vote for felony murder, so it really didn't make any difference. It was harmless. Right. But in the Miles case, which is the co-defendant in this case, the Court again says this is not a good instruction. You can't say that it can be part of a series of events leading to the murder on the one hand and say that that's the same thing as a facilitation requirement. But they say in balance, the Miles instructions, which are identical to the instructions in this case, in balance, those instructions are suitable. So what do we make of that? Because we have to some degree the same issue. Well, we have a very similar issue. Kevin Miles and Levi Jackson were co-defendants. Right. And then we have the same issue as a harmless error issue. They are saying bad instruction, harmless error. Are we bound by that? I have to start by saying Miles is a quirky decision. It gets cited both ways. It gets cited for this is an incorrect statement of law. The Arizona Supreme Court terms it that way in Martinez. It also gets cited by the district court for this is a correct statement of Arizona law. The harder I stare at Miles, what I see is that they are addressing a causation issue. And that leads me to think that when that instruction was briefed in Miles, it was briefed as a question of whether or not the murder or the killing was caused by the felony rather than the issue that I'm addressing, which is whether or not it was in furtherance of the felony. And that's the way I briefed it in Martinez. And I really think that that's maybe where Miles went awry and does not address exactly what I'm addressing. I might also add that Miles does not address the in course of the offense language. Miles doesn't talk at all about the fact that the instruction says there's no requirement that the killing occur while committing or engaged in the felony, which is the exact opposite of what the statute says, which is in the course of the offense. I think at the time they were focusing on Arias and they were thinking causation, and they just did not address the issue. They did not frame the issue the same way that I think it's been framed here. Well, on the pre-1978 law, it was essentially didn't deal with, it was temporal. And the post-'78 was talking about some relationship, whether it was facilitation or causation, talking about some relationship between the felony and the murder. The problem that I have, that even if that's a correct statement of the law, that that instruction was wrong, that the instruction should not have suggested it's just a series of events, you still have the problem of courts saying no foul, no big deal, bad instruction, but as long as the statute was accurately stated, no foul. Well, I think the foul is, in this case, very clearly set out in Juror Bruce Prince's letter. Juror Bruce Prince says the way that he and the rest of the jury saw it, Mr. Jackson was automatically guilty, that's the words he uses in his letter, automatically guilty of first-degree murder if he was convicted of either the armed robbery or the kidnapping. That automatic guilt is contrary to Arizona law. So I, there's really no way to look at this particular case and say there's no foul. There was no foul in the Martinez case, because 12-0 on premeditated murder. But there was a foul in this case. There is Juror Bruce Prince's letter that I think sets out the harmless analysis. Clearly, they misunderstood what the instruction was, and they put their misunderstanding in a letter to Judge Zabalos. So it could be harmful in this case and harmless, the same instruction, compound instruction, statutory language, and then this wrong instruction could be harmless error in Miles, but not harmless error in the co-defendant's case. Tried separately, I know. Tried separately. My sense of it is I don't think Miles raised the right issue. I think that Miles, as I look very closely at the Miles decision again, they speak to causation, and to my mind it's really not a causation issue, it's a furtherance issue. I think they're asking the wrong question. With respect to prejudice, I'd also point out that both the trial court and the Arizona Supreme Court in this case made factual findings that the killing in this case was unnecessary or absolutely unnecessary. The trial court said absolutely unnecessary. The Arizona Supreme Court said unnecessary. I always like to see the State court findings get proper respect, and this is one of those instances I'd like to see the presumption of correctness applied going the other direction this time around. The language is there. Everybody has said the killing was absolutely unnecessary, so I think there's a very good argument to be made that the killing was unnecessary and not in furtherance of the underlying offense, particularly considering Juror Prince's letter. Before I sit down, I have a little time remaining. I want to briefly talk about a couple of other things. One of the things I want to talk about is that beyond a reasonable doubt is not what 12 reasonable people believe. It's not that 12 reasonable people believe the defendant to be guilty. That's a preponderance standard. And in this case, because of the status of Arizona law at the time, that's all that the jury ever heard. They heard it repeated. They heard it repeated again. If you're a reasonable person and you believe he's guilty, that's proof beyond a reasonable doubt. That's not proof beyond a reasonable doubt. This is one of the questions that was not certified, right? That's correct. But that is all that the jury heard. The judge in this case gave no definition of his own, and the Judge Sablos in this case made no attempt to correct Prosecutor David White when he was making these statements. So there's no reason to suspect that the jury would have applied any other standard or could have applied any other standard except for to suppose that the jury knew more about reasonable doubt than the prosecutor knew. The question in these reasonable doubt cases is not who messed up the definition. And that's really where the district court's decision went, was a question of who messed up the decision. The question is what standard was the jury applying. And we see that over and over again in the reasonable doubt cases. You have about four minutes left. Do you want to reserve some time for rebuttal, or is there another issue you want to address? I can take a hit, and I will reserve some time, Your Honor. Before I do that, there's one very quick issue. It's, I think, a simple issue that I want to touch on, and that is the question of stacked sentences for lesser-included offenses. Blockburger is still good law, regardless of what the Arizona State legislature may have intended. Blockburger still puts some limits on what can be stacked. The Blockburger test requires that each offense, if they're going to be run consecutive, each offense has to have an element that's not included in the other offense. And in this case, they stack the lesser-included offenses on top of the life sentence for the murder in this case. Underlying felonies are absolutely necessary to the felony murder. You can't have a felony murder without the underlying felonies. So I wanted to touch on that as well. And then I will reserve the rest of my time. Thank you. I'll wait for the Attorney General. Good morning. My name is Diane Lehan for Respondents of the State of Arizona. There's two issues here. First are our appellant's legal claims, and then there's the harmless error analysis. I think I'll actually begin with the harmless error analysis, because issues of statutory state, statutory construction are really unamendable to Federal review in any way, in any event. Under the Supreme Court's decision in Waddington v. Sarasand, in order for a jury instruction to constitute a Federal due process violation, the instruction of the defendant must show both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt, even if appellant's construction of the felony murder statute is correct, which it's not. There was no dispute in this case that the murder did occur during the commission of the kidnapping and the robbery, and that it was committed by an act of a perpetrator in order to facilitate those crimes. At the time the victim was killed, appellant, even if it wasn't appellant, but the evidence was that it was appellant, was holding a loaded firearm on the victim as she was on the ground on her knees begging for her life. He held that gun in order to figuratively restrain her, i.e., kidnap her, and prevent her from either running off into the desert or back into her car, therefore facilitating the robbery. And so there was no argument at trial that this was not during the course of an infuriance of the crime. In fact, appellant's argument was just that he wasn't there. And there was no reasonable argument that neither one of those happened. There was only one factual scenario. There was no dispute by defense counsel that this killing didn't occur exactly as the State said or that that wasn't during the occurrence of the crime or infuriance of the crime. In any event, the crux of appellant's habeas claim is that the – now getting to the legal argument, the crux of his appellant's habeas claim is that the felony murder jury instruction erroneously suggested that the victim's death need not occur during the actual commission of the enumerated defenses and that the death need not be caused by an act of a perpetrator in order to facilitate the crime. Neither of those are required under the express terms of the jury instruction of the felony murder statute itself. And I just roll back. When you say that just on your first point, that the defense didn't argue the infuriance point, didn't argue, there was no argument about that, but the argument before us is a due process argument that the issue was not what the defense had to argue, a claim that the defense had to raise. What was at issue here was the government's burden of proof. Right. And his argument that regardless of whether the error was harmless, that one of the elements of felony murder is that the death has to be caused by an act, infuriance or facilitating the actual enumerated defense. It's simply interpreting the language of the statute that says infuriance. Right. And pursuant to the express language of the statute, the death need not occur during the actual commission of one of the offenses, because pursuant to the express language, it can occur after the enumerated offenses are completed and the perpetrators are in flight. So that's an absolute correct statement of the law. For the same reason, the death need not be caused by an act in furtherance of the death of the enumerated felonies, again, because the death can occur once the offense has already been committed. So the Supreme Court disapproved the language because it was basically redundant. It was not necessary. Under the amended law, you didn't need to use those terms like same series of events. It was unnecessary because of the law. They didn't quite say that. They said it was a not an accurate description of the statute. They said that in Martinez, and I think that Appellant is exactly right. In Martinez, they were frustrated that 30 years down the line, they still use this language. And they said, oh, it's not accurate. The question, though, is that it wasn't redundant and we really don't care. They said, we discouraged it, it's been long absent, it's not accurate. My point, you're right, Your Honor. My point is basically is that whether you want to call it a material misstate you know, a nonmaterial misstatement, the language did not improperly expand the statute. The same series of events. It is the same series of events. Not only can it occur during the perpetration, the actual commission of the offenses, it can occur after the offenses are over and while the defendants are fleeing. But I think that's where the difference here is between a recitation of the statute that says it's a temporal test, you know, close behind, during, et cetera, or whether it's some kind of a facilitation test. Right. And the instructions failed because it really, the language that they gave was inconsistent with saying there had to be some substantive relationship between the felony and the murder. You're right, Your Honor. And the Defendant's claim is basically that, that he takes, he takes exception to the Arizona Supreme Court's suggestion that this is a causation requirement, that in furtherance of, in the course of, is a causation requirement. He says no, it's an in furtherance, that the in furtherance requirement is a, it must be designed, taken to facilitate. And in 25 years of case law, after, in the last 25 years of case law, 30 years after the crimes were committed, the State courts have resolved any doubt as to whether the death must be caused by an act, by a perpetrator taken in order to facilitate the offense. The courts have even said that it doesn't even have, the person who causes the death doesn't even have to be a perpetrator. It can be one of the intended victims. It can be a police officer acting to actually thwart the crime. So any argument that, that, that, you know, when Arias was decided, that's the case Appellant cites in 92. Supreme Court's courts decide issues one issue at a time. The issue was there was the Defendant was saying, oh, the, the death, the death has to actually be a necessary prerequisite. As Appellant's claim, it can't be unnecessary. It actually has to be a necessary prerequisite to achieving the enumerated offense. And the Court said, no, it doesn't have to be a necessary prerequisite. It's, it's sufficient if the death occurs while the Defendants are acting in some manner to facilitate the crime. Well, since then, they've said that even that's not a requirement. Since then, and, and they, they had to take on the language that says that the death can be caused by any person, against any person. In Arizona, the victim can be one of the perpetrators. And there's a, there's a case, and I apologize, it's, it's just one of the cases construing the statute, but I just wanted to give a case as an example. It's State v. Lopez, 173, Ares 552. And again, it's just one case construing the statute. That was a case in which the co-Defendants, the accomplices, were engaging in a, a drug sale to undercover officers unbeknownst to them. After that, there was a gun battle. The Defendant was arrested. He was in the patrol car, handcuffed, when a police officer shot one of his accomplices. And there they said, they said, no, that's not.     But they, they, they, they said, you know, that's not, that's not the case. And so, what would you do? How would you describe the difference between the phrase ,"in the course of," and the phrase, ,"and in furtherance of"? Well, the, as, as Judge Gertner says, the ,"in course of," is the, both of those are causation requirements. Whoever commits the, wherever the death occurs, there has to be a causal link between the death. Well, I guess my point is, there is some difference between the two phrases. Absolutely. Not only, not only does the death have to occur either in the course of one of the enumerated offenses or the flight, but the defendants have to be engaged in the flight, and they have to be engaged in those crimes. It still has to be, it still has to be occurring. There has to be a causal link, or a But in listening to you and your recitation of what the Arizona courts have done, I don't see any difference between your argument on what the phrases mean. Do you think that the two phrases have been conflated? I mean, there seems to, I don't see in your argument about how Cal, or Arizona laws develop, that there's much, if any, difference between in the course of and furtherance of. So can you give an example of where a crime would be in the course of, but not in the furtherance of, under Arizona law? I was trying to think of a good example, and I guess the best example I can think of is that, using the facts of this case, the defendants are driving the victim out to the eastern part of Tucson, and a flash flood comes, and they all die. Yes, yes, there happens to be a death that occurred in the course of this offense, absolutely. But the death wasn't really, there was no real link between the death and the crimes. You know, but for the fact that they were there, they wouldn't have been swept away in a flash flood. So there is, there is, there is a, an actual difference between in the course of and in furtherance of. It's just not what appellant claims it to be. But I wouldn't qualify anyway, because you're not committing. I'm sorry, Your Honor? You're not committing the act. Right. The defendant, the defendant must be committing the, the, the problem with the statute is that it's, it's sort of weirded in a, worded in a way that's, that's not really conducive to its interpretation. Basically, your argument is that construction of the Arizona statute, we had a California case in furtherance, so that's why. And the other argument is that, essentially, if, if there's an intentional commission of a death or even an accidental commission of a death by someone during the course of it, that's sufficient to satisfy the in furtherance of. Exactly. That is absolutely our argument. Even if when appellant or whoever it was that held the gun, even if he had just stuck, well, as he was holding the gun on the victim, he had accidentally stumbled and the gun accidentally discharged, that would clearly be felony murder under well-established Arizona law. And clearly, his stumbling wasn't, you know, it wasn't intended to facilitate the crime. It's just not a requirement. And again, when you think of the fact that there's case law that has upheld felony murder convictions when it wasn't even a perpetrator, it was somebody else, and the last thing they were intending to do was to facilitate the crime. Their purpose was to thwart the crime. That's felony murder in Arizona. And I'd like to just make one last point. That's been felony murder since this body of cases? In other words, since Arias, Martinez, and Miles? Right. It's now Martinez is a 2008 case, and it wasn't really a substantive ruling. It says, really, stop using that language, we mean it. But that's what we're trying to understand. That language is, it's enough if the felony and the killing were part of the same series of events. That would be language that would cover your bystander's situation, not facilitating, but nevertheless the same series of events. If that's wrong, then isn't your characterization of in furtherance of wrong? Well, the language that it's sufficient that the crime facilitate the crime, that I think, I can't imagine who would be actually facilitating the crimes other than one of the perpetrators. But this is the problem when you're raising a State law claim in Federal habeas corpus. Since Miles, there's been two and a half decades of law construing the statute. And again, there in Arias, the Supreme Court said, and in Miles, they said, here, it's sufficient what happened here. Here, it's sufficient if it's a perpetrator who is merely acting in furtherance of the crime. Subsequent to Miles, though, there's lots of case law that said that, oh, okay, although that's sufficient, even that's not required, because the perpetrator doesn't even have to be the person who causes the death, need not even be a perpetrator. It can be someone who's acting with the exact opposite intent, and that's to thwart the crime. And again, I just, I think I've made the point, but the fact that the death was unnecessary, that it was senseless, first of all, that's not an element of the offense. The Court was saying that for purposes of sentencing. When you have a gun on somebody and they've gotten out of the car, it's always senseless. When you're armed and your victim is not armed, it's never actually required that you, that you, that you shoot, not only shoot them and physically incapacitate them, but to go one step further and kill them. And Martinez is a perfect case in that case, where they said, stop using this language, we mean it. Even then they said it was harmless, and that was a case in which, kind of similar facts. They got the victim, they took him out, they were beating him up. They'd actually shot him once already. So they had kicked him and beat him for a long time, they shot him in the shoulder. He clearly was not going to be fighting, and nevertheless, they, the defendant in that case, shot him once more and killed him. So obviously it wasn't necessary that the victim in that case was actually killed to facilitate or to cause the crimes. The Court has no other comment. Roberts. Do you have any questions? No, I don't. Thank you, counsel. Thank you very much. Rebuttal. Briefly, I'd like to point out that the State is slightly confusing the facts at trial with the facts at sentencing. And that's because it's so easy to take the facts in this case from simply the Arizona Supreme Court opinion in this case. The Arizona Supreme Court opinion set out in upholding the death sentence at the time, set out the facts that were found at, in the special verdict at the sentencing three months later. At the trial, there was a defendant, a co-defendant by the name of Ray Hernandez who did not testify. He would have been the State's eyewitness to the shooting. The State abandoned Ray Hernandez as a witness. They abandoned really any theory that this was a premeditated murder. They abandoned any theory that Mr. Jackson was the shooter in this case. That was all part of the sentencing. So I don't think that can really factor into the analysis of the jury instruction in this case. The other thing I want to say is State versus Arias really to me was a very sensible decision. It's not just that somebody's death had to further the underlying felony, but the actions that resulted in the death had to further the underlying felony. And I would agree that when a victim suffers a heart attack and unexpectedly dies, that's a felony murder. It's because you scared them so badly that they died. And when the police show up and they shoot your co-defendant, that's a felony murder. It's because your co-defendant was doing something, or you together were doing something, that caused the police to show up and shoot the co-defendant. That's why those things are felony murder. I would go even further and say in the flash flood analogy, if they were driving to the outskirts of town and they got drowned in a flash flood, I would say that was a felony murder because that was a death that was caused by the kidnapping, and it was caused by the asportation. It was caused by the underlying felony. It results from actions taken in furtherance of the underlying felony. So I don't have any quarrel with all that case law. I do have a quarrel with the instruction. If there's no further questions. Any further questions? Thank you. Thank you both for the arguments in the case of Jackson v. Herman.
judges: Gertner, Fletcher B. , Thomas